UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA M. MYERS,

    Plaintiff,

v.                                                   CASE NO. 8:15-cv-2555-T-23AAS

HYDRAULIC HOSE OF
HILLSBOROUGH, LLC,
and BRIAN O'DONNELL,

    Defendants.
_____/

**ORDER**

        The parties agreed on July 28, 2017, to settle this FLSA action. On August 4, the plaintiff notified the court about the settlement and stated that the parties would move for approval of the settlement no later than August 18. (Doc. 34) In accord with Local Rule 3.08(b), an August 7 order (Doc. 35) dismisses the action without prejudice and permits the parties to submit a stipulation of dismissal with prejudice (accompanied by the proposed FLSA settlement) no later than October 6. A month and a half after the expiration of the time within which to request a dismissal with prejudice, the plaintiff moves (Doc. 36) to "enforce [the] settlement" or to vacate the August 7 order. According to the plaintiff, the defendants repudiated the settlement.

**1. Motion to "enforce the settlement"**

Because no order retains jurisdiction to enforce the settlement, the court lacks jurisdiction to enforce the settlement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ("Absent [an order that retains jurisdiction], enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction."). To the extent the August 7 order implicitly "retains jurisdiction" over an item, the order contemplates only a stipulation of dismissal with prejudice accompanied by a motion for approval of the FLSA settlement.

**2. Motion to vacate under Rule 60(b)(6)**

An "extraordinary" remedy, relief under Rule 60(b)(6), Federal Rules of Civil Procedure, requires showing that an "extreme" and "unexpected" hardship will result from an order if not vacated. *Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citing *Ackermann v. United States*, 340 U.S. 193 (1950), and *United States v. Swift & Co.*, 286 U.S. 106 (1932)). Because a separate action for breach of contract remedies the purported breach of a settlement, the considered weight of authority holds that the breach of a settlement inflicts no "extreme" injury susceptible to relief under Rule 60(b)(6).[1] *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140–41 (3d Cir. 1993) (Nygaard, J.); *Rey v. United States*, 51 F.3d 1046 (5th Cir. 1995) (per curiam);

---

[1] If the settlement depended on judicial approval (that is, if approval of the settlement amounted to a condition precedent) and if the parties failed to obtain approval, a different result might obtain. But this order need not decide that issue because the plaintiff states (more than once) that the settlement required no judicial approval or dismissal with prejudice. (Doc. 36 at 4)

*Harman v. Pauley*, 678 F.2d 479 (4th Cir. 1982) (Ervin, J.); *cf. also Keeling v. Sheet Metal Workers Intern. Ass'n, Local Union 182*, 937 F.2d 408, 410 (9th Cir. 1991) ("In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal.").

Even if the breach of a settlement could justify relief under Rule 60(b)(6), in this instance the e-mails attached to the plaintiff's motion strongly suggest that neglect by the plaintiff's counsel accounts (at least partially) for the parties' failure to effectuate the settlement. The defendants' counsel e-mailed the plaintiff's counsel on August 14, August 29, and September 18 to inquire about the settlement papers.[2] (Doc. 36-1) The plaintiff's counsel first responded on October 17 — two and a half weeks after the expiration of the time within which to move for approval of the settlement. (Doc. 36-1)

## CONCLUSION

The parties agreed to resolve this FLSA action. According to the plaintiff, the defendants repudiated the settlement, which purportedly required no judicial approval or dismissal with prejudice. Because an action for breach of contract remedies the plaintiff's injury and because the plaintiff fails to identify an "extreme"

---

[2] On October 20, the defendants' counsel explained that the time within which to move for a dismissal with prejudice expired on October 6 and asked, "How do you propose to overcome that hurdle?" The plaintiff's counsel articulated no answer and instead responded, "Well, just send [the money] to my trust account. . ."

and "unexpected" hardship that warrants vacating the August 7 order, the motion (Doc. 36) is **DENIED**.

ORDERED in Tampa, Florida, on December 4, 2017.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE